Filed 9/20/22  P. v. Eggers CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNATHAN EGGERS,<br><br>    Defendant and Appellant. | D079196<br><br><br><br>(Super. Ct. No. SCD281269) |

APPEAL from a judgment of the Superior Court of San Diego County, Frederic L. Link, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Johnathan Eggers of carjacking (Pen. Code,[1] § 215, subd. (a)); robbery (§ 211); assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)); vehicle theft (Veh. Code, § 10851, subd. (a)); and receiving a stolen vehicle (Pen. Code, § 496d).  The jury also found true allegations that Eggers used a deadly or dangerous weapon (§ 12022, subd. (b)(2)) and that he personally inflicted great bodily injury (§ 12022.7, subd. (a)).  Eggers admitted a serious felony prior conviction (§ 667, subd. (a)(1)) and a strike prior (§ 667, subds. (b)-(i)).  He was sentenced to a determinate term of 28 years in prison.

Eggers appeals challenging only his sentence.  His sentence includes several upper term designations.  He contends he is entitled to the benefit of recent legislative changes to section 1170, subdivision (b), limiting the trial court's ability to impose upper term sentences.  The Attorney General properly agrees and concedes the case must be remanded for resentencing.  We agree with the parties and will remand for a new sentencing hearing applying the new statutory changes.[2]

## DISCUSSION

After the sentencing took place in this case, the Legislature enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) modifying section 1170, subdivision (b) by changing the requirements for trial courts regarding selection of upper term sentences.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    Given the Attorney General's concession and the absence of any challenge to the convictions, it is not necessary to discuss the facts of the various offenses.

Eggers's case is not final on appeal, and thus, he is entitled to the benefit of the new changes. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464-465.)

DISPOSITION

The sentence is reversed, and the case is remanded to the superior court with directions to conduct a new sentencing hearing and to apply the new legislative changes to section 1170, subdivision (b). In all other respects, the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.

3